RECEIVED
DEC 15 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| Emily B. Gathe | Civil Action 06-1455 |
| versus | Judge Tucker L. Melançon |
| Housing Authority of Lafayette | Magistrate Judge C. Michael Hill |

## ORDER

Before the Court is a Motion to Admit Visiting Attorney Pursuant to LR83.2.6W filed by Gregory L. Landry, counsel for plaintiff Emily B. Gathe, to permit Leslie V. Matlaw to appear and participate as a visiting attorney, trial attorney and co-counsel in this action [Rec. Doc. 3]. As required by LR83.2.6W, the applicant notified the Court of the pending disciplinary proceedings against her, In Re: Leslie Valerie Matlaw [Illinois Bar Number 9709176], Illinois Supreme Court's Attorney Registration and Disciplinary Commission Inquiry Number 05-C1-5384.[Rec. Doc. 3, Affidavit of Leslie Matlaw at par. 6]as well as a proceeding pending in the United States Court of Appeals for the Seventh Circuit. This motion was originally set for hearing on September 27, 2006 at 2:00 p.m.[Rec. Doc. 5] and reset for hearing on December 12, 2006 at 11:30 a.m [Rec. Doc. 7].

In *In Re. Evans,* 524 F.2d 1004 (5th Cir.1975), the Fifth Circuit Court of Appeals set forth both the procedural and substantive requirements of denying a pretrial motion to appear pro hac vice. Procedurally, if the court has evidence of behavior that it believes justifies a denial of admission pro hac vice, the court must provide the attorney with adequate notice of all alleged misbehavior or unethical behavior that will be charged against him and the court must set a hearing on the

issue. Specific allegations must be made; general accusations about an attorney's demeanor are insufficient. The hearing must be on the record and present the attorney with adequate opportunity to defend himself and his professional reputation. *In Re. Evans,* 524 F.2d 1004, 1008 (5th Cir.1975).

Substantively, admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court. An applicant for admission pro hac vice who is a member in good standing of a state bar may not be denied the privilege to appear except on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court. *In Re. Evans,* 524 F.2d 1004, 1007-8 (5th Cir.1975); *see also USA v. Nolen,* — F.3d —, 2006 WL 3598522 at 8 (5th Cir. 2006).

As the Illinois Supreme Court disciplinary proceedings and the matter before the Seventh Circuit Court of Appeals are ongoing, this Court is not in the position to determine whether Ms. Matlaw's conduct during her representation of Donna L. Seymour, plaintiff in the litigation, *Seymour v. Hug, et al,* No. 04C2041, United States District Court, Northern District of Illinois, Eastern Division, rises to the level of disbarment. Accordingly, at this time, the Court does not have sufficient information to act on applicant's request.

**IT IS ORDERED** that the hearing scheduled for Tuesday, December 12, 2006 at 11:30 a.m. is UPSET to be refixed upon a decision by the Illinois Supreme Court disciplinary council and the decision by the Seventh Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that applicant file into the record of this

proceeding a copy of all of the parties briefs in the Seventh Circuit proceeding as they are filed.

**IT IS FURTHER ORDERED** that the Clerk of Court or his designee shall serve a copy of this order on applicant Leslie V. Matlaw, at the address provided in her Motion to Admit Visiting Attorney [Rec. Doc. 3].

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 12th day of December, 2006.

Tucker L. Melançon
United States District Judge

COPY SENT:
DATE: 12-15-06
BY: gbr
TO: Matlaw - mailed